IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JUNE 1998 SESSION

FILED

August 17, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9708-CC-00322 |
| | ) | |
| | ) | Greene County |
| v. | ) | |
| | ) | Honorable James E. Beckner, Judge |
| | ) | |
| BOBBY JOE BALL, | ) | (Robbery) |
| | ) | |
| Appellant. | ) | |

## CONCURRING OPINION

I concur in the results and most of the reasoning presented in the majority opinion. However, I hesitate to accept the proposition implied in the opinion that the fact that property of only small value is taken in robbery is of no mitigating consequence in sentencing.

Historically, the amount of property taken has been a standard by which to determine the seriousness of a theft-related crime. The same is true today. Enhancement factor (6), T.C.A. § 40-35-114, allows for enhancement of a sentence if personal injury is inflicted upon a victim or the amount of damage to property sustained by or taken from the victim are particularly great. Thus, the value of property taken in a robbery could be so great as to call for enhancement under factor (6). The recognized relevance of the value of property to sentencing is not a one-way street, though. In this sense, I am not willing to hold that the minimal value of property taken can never act in mitigation.

In the present case, the defendant argues that the taking of forty-two dollars and a pocket knife "is not a robbery which would rise to the need to enhance the defendant's sentence to its maximum limit of ten years." However, the main sentencing concerns relate to the defendant committing a robbery by violence and his previous criminal record and previous history of unwillingness to comply with conditions of release into the community. If I were to accept the defendant's proposition that the amount of property taken was not substantial, that fact pales in comparison to the manner in which it was obtained and of the defendant's past history. It is for these reasons that I concur in the majority opinion.

_____
Joseph M. Tipton, Judge